CONSTANCE L. AKRIDGE, ESQ.
Nevada Bar No. 003353
JONES VARGAS
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89169
Telephone: (702) 862-3300
cakridge@jonesvargas.com

*Attorneys for Defendant Aurora Diagnostics, LLC*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DR. RONALD SLAUGHTER,<br><br>Plaintiff<br><br>vs.<br><br>LABORATORY MEDICINE CONSULTANTS, LTD. a Nevada Corporation, et al.<br><br>Defendants. | Case No. 2:10-cv-00437-RCJ-PAL |

### AURORA DIAGNOSTICS, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to 15 U.S.C. § 78u-4(b)(3)(A) and Fed. R. Civ. P. 12(b)(6), Defendant Aurora Diagnostics, LLC ("Aurora") moves to dismiss Plaintiff Ronald Slaughter's Complaint on the following grounds and for all the reasons set forth in the Motion to Dismiss and Memorandum of Points and Authorities filed by Defendants Laboratory Medicine Consultants, Ltd. ("LMC"), Mark Goldstein, Esq., Marcus A. Erling, M.D., James E. Beecham, M.D., Jonathan H. Hughes, M.D., Jerry W. Hussong, M.D., Steven E. Kolker, M.D., David P. Marmaduke, M.D., Todd C. Murray, M.D., Steven M. Ruhoy, M.D., June D. Sigman, M.D., James L. Unger, M.D., and Noel S. Yumiaco, M.D. (the "LMC Defendants' Motion to Dismiss"). Pursuant to Fed. R. Civ. P. 10(c), Aurora incorporates by reference the arguments made in the LMC Defendants' Motion to Dismiss as if fully set forth herein.

## I. THE COMPLAINT FAILS TO STATE A SECURITIES FRAUD CLAIM UNDER SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934.

Plaintiff purports to bring a securities fraud claim against Aurora under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder ("10b-5 claim"). (Compl., ¶¶ 55-58.) Plaintiff's claim, however, fails by a wide margin to satisfy the rigorous standards for pleading a securities fraud claim. Indeed, the deficiencies are fatal and irremediable by amendment.

To state a claim for securities fraud under Section 10(b) and Rule 10b-5, a Complaint must allege the following elements: (1) a misstatement or omission (2) of a material fact (3) with scienter (4) in connection with the purchase or sale of a security (5) upon which plaintiff reasonably relied, and (6) that reliance proximately caused injury to the plaintiff. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005); *Zucco Partners, LLC v. Digmarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). Under the Private Securities Litigation Reform Act ("Reform Act") and Rule 9(b) of the Federal Rules of Civil Procedure, the Complaint must specify in detail the facts supporting every element of a Section 10(b) claim. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319-22 (2007). Plaintiff's conclusory statements can be given no weight on a motion to dismiss. *Ascroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, to state a 10b-5 claim, a plaintiff must be a purchaser or seller of securities and must allege **in detail** that the defendant, acting with scienter, made a material misrepresentation or omission that caused a loss. Dismissal is mandatory if the Complaint fails this test. 15 U.S.C. § 78u-4(b)(3)(A).

Plaintiff's Complaint fails to state a 10b-5 claim against Aurora for three fundamental reasons. First, Plaintiff completely fails to allege that he is a purchaser or seller of securities, and thus, Plaintiff lacks standing to bring a 10b-5 claim. Second, Plaintiff fails to allege that Aurora made any misrepresentation or omission. Third, Plaintiff fails to allege that Aurora acted with scienter. Accordingly, Plaintiff's 10b-5 claim must be dismissed.

### A.  Plaintiff Lacks Standing to Assert a 10b-5 Claim.

The United States Supreme Court has held that a plaintiff must be an actual purchaser or seller of securities in order to have standing to bring a securities fraud claim under Section 10(b)

and Rule 10b-5. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 731 (1975). Mere **holders** of securities may not bring claims for securities fraud. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 80 (2006).

Plaintiff nowhere in his Complaint alleges that he actually purchased or sold any securities. Indeed, Plaintiff alleges the opposite – that Aurora did **not** purchase his shares of stock. (Compl., ¶ 56.) Accordingly, Plaintiff has not sufficiently pleaded a purchase or sale of a security to state a valid 10b-5 claim.[1] For this reason alone, Plaintiff's 10b-5 claim should be dismissed. *See Blue Chip Stamps*, 421 U.S. at 1934-35.

### B. Plaintiff Fails To Allege a Misrepresentation or Omission.

Plaintiff's 10b-5 claim fails for the additional reason that the Complaint fails to allege that Aurora made a misrepresentation or omission; much less that such misrepresentation or omission was material, as required under the Reform Act. *See* 15 U.S.C. § 78u-4(b)(1); *see also Zucco Partners*, 552 F.3d at 990 (Reform Act requires plaintiffs to specify each statement alleged to have been misleading, the reason or reasons why it was misleading, and for all allegations on information and belief, all facts on which that belief is formed). Thus, beyond the inalterable fact that Plaintiff does not have standing to sue, Plaintiff's claim also should be dismissed for failure to plead a misrepresentation or omission of material fact. *See* 15 U.S.C. § 78u-4(b)(3)(A).

### C. Plaintiff Does Not Adequately Allege Scienter.

The Complaint utterly fails to satisfy the Reform Act's elevated standard for pleading the scienter element of a 10b-5 claim. Under the Reform Act, a plaintiff must plead scienter with particular facts that give rise to a strong inference that the defendant acted with the required state of mind. *Zucco Partners*, 552 F.3d at 990. This showing must be made as to each individual defendant and as to each alleged act or omission. 15 U.S.C. § 78u-4(b)(2).

---

[1] To the extent the redemption of Plaintiff's shares upon his retirement in 2006 constituted a "sale" of a security, which Plaintiff does not allege and which Aurora does not admit, such "sale" occurred prior to any involvement of Aurora, and, thus, Aurora could not have made any misrepresentation or omission in connection with that "sale." *See, e.g., Williams v. Sinclair*, 529 F.2d 1383, 1389 (9th Cir. 1975) (allegedly fraudulent acts that occur after a plaintiff's purchase cannot form the basis of a Section 10(b) claim because the acts were not performed in connection with the purchase of securities). Further, as discussed *infra*, Plaintiff does not allege that Aurora made any misrepresentations or omissions. Moreover, Plaintiff also fails to allege that he relied on any misrepresentation by Aurora or that such reliance caused his alleged loss.

In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, the Supreme Court set forth a test to determine whether the scienter pleading requirement of the Reform Act has been met. 127 S.Ct. 2499. The Supreme Court held that plaintiffs in private securities fraud actions must plead facts in their complaints that raise an inference of scienter that is "more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Id.* at 2505. The *Tellabs* court explained that a complaint will survive "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 2510. A plaintiff alleging a claim under the Reform Act "must demonstrate that it is *more likely* than not that the defendant acted with scienter." *Id.* at 2513. To satisfy this pleading standard, Plaintiff must allege with particularity that each named Defendant against which the 10b-5 claim is asserted knew, or was severely reckless in not knowing, about the alleged fraud.

The Complaint contains no facts to support that Aurora acted with any state of mind, much less intentionally or with severe recklessness. (*See* Compl., ¶¶ 45-51 (not even mentioning Aurora in the scienter allegations).) Plaintiff makes only conclusory allegations that Defendants "acted with Scienter" and that their acts were done "purposely and intentionally to defraud Dr. Slaughter." (Compl., ¶¶ 45, 49.) The Complaint, however, does not offer any direct, well-pleaded allegations of scienter, and Plaintiff's conclusory statements can be given no weight on a motion to dismiss. *See Iqbal*, 129 S.Ct. at 1949. Therefore, Plaintiff's failure to allege with particularity any specific facts that give rise to a strong inference of scienter, as required by the Reform Act and the *Tellabs* decision, dooms Plaintiff's 10b-5 claim to dismissal.

## II. PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED FOR LACK OF JURISIDICTION

Dismissal of Plaintiff's 10b-5 claim -- the only federal claim -- divests the Court of original jurisdiction. Thus, absent original federal jurisdiction, Plaintiff's supplemental state law claims should be dismissed. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

For all of these reasons and those in the LMC Defendants' Motion to Dismiss, the Court should dismiss all of Plaintiff's claims against Defendant Aurora and grant any and all further relief as the Court deems just and proper.

DATED this 26th day of April, 2010.

JONES VARGAS

By:     /s/ Constance L. Akridge
CONSTANCE L. AKRIDGE, ESQ.
Nevada Bar No. 003353
JOHN P. DESMOND, ESQ.
Nevada Bar No. 5618
JONES VARGAS
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89169
Telephone: (702) 862-3300

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of JONES VARGAS, and that the preceding Motion to Dismiss was served via electronic service on the date and to the address(es) shown below:

Paul R. Hejmanowski, Esq.
Todd M .Touton, Esq.
Lynda Sue Mabry, Esq.
Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV  89101

Dennis M. Leavitt, Esq.
Leavitt Law Firm
229 Las Vegas Blvd. South
Las Vegas, NV  89101

I further certify that I am familiar with the Firm's practice of collection and processing documents for mailing; that in accordance therewith, I caused the above-named document to be deposited with the U.S. Postal Service at Las Vegas, Nevada, in a sealed envelope, with first class postage prepaid, on the date and to the address(es) shown below:

NONE.

DATED this 26th day of April, 2010

/s/ Alison Zeuschel
an Employee of JONES VARGAS