UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD SLAUGHTER, | ) | |
| Plaintiff, | ) ) | Case No. 2:10-cv-00437-GMN-PAL |
| vs. | ) ) | **ORDER** |
| LABORATORY MEDICINE CONSULTANTS LTD., *et al.,* | ) ) ) | (Mot to Stay - Dkt. #13) |
| Defendants. | ) ) | |

Before the court is Plaintiff's Motion to Stay Arbitration on Order Shortening Time (Dkt. #13) filed August 5, 2010 which was referred to the undersigned by the District Judge for decision. The court has considered the motion and Defendants' opposition (Dkt. #16).

## BACKGROUND

The Complaint (Dkt. #1) in this case was filed on March 30, 2010. The Plaintiff, Dr. Ronald Slaughter, is licensed to practice medicine in the state of Nevada and is a resident of Clark County, Nevada. Complaint ¶ 1. On July 1, 1975, he began working for Defendant Laboratory Medicine Consultants ("LMC") as a pathologist and became a shareholder in 1978. *Id.* He worked for LMC for 31 years until his retirement on June 30, 2006. *Id.* Plaintiff has asserted claims against the Defendants for alleged violations of Sections 10(b) and 20(a) of the Exchange Act, 15 USC §§ 78j(b) and 78t(a) and Rule 10b-5 promulgated by the Securities and Exchange Commission ("SEC").

Plaintiff's claims arise out of the sale of 100% of the stock of LMC to Defendant Aurora Diagnostics in 2007. Plaintiff claims that he owns 100 shares of stock of LMC pursuant to a Stockholder's Agreement executed on December 2001. Plaintiff alleges that, as a retiring equity stockholder, his 100 shares should have been held in escrow pursuant to the Stockholder's Agreement. Had that been done, he would have received a full share of the sale proceeds of the $49,000,000.00

purchase price paid by Aurora for the outstanding capital stock of LMC.  Instead, Plaintiff alleges he was defrauded and not compensated for his 100 shares causing him damages in an amount in excess of $3,800,000.00.

In the current motion, he seeks a stay of arbitration proceedings before the American Arbitration Association ("AAA") in Case No. 79 168-00123-07 scheduled for August 26 and 27, 2010 pending the outcome of this case.  Plaintiff contends he cannot receive a fair and impartial arbitration and that his due process rights are being "trampled" by the arbitrator.  He claims that the arbitrator's amended findings of fact, conclusions of law and order, which is attached as Exhibit "1" to the motion is "incomprehensible".  Plaintiff contends that the arbitrator, Howard Roitman, Esq. "inexplicably signed an Order on June 30, 2010 dismissing Dr. Slaughter's claim to his proceeds from the Aurora/LMC stock transaction when he had no jurisdiction to do so."  Plaintiff asserts the arbitrator had no jurisdiction to dismiss this claim because the only pleading properly before the arbitrator was his original demand filed September 10, 2007.  The ten-page findings of fact, conclusions of law and order was submitted to the arbitrator by counsel for LMC eighteen months after a hearing conducted October 9, 2008.  Plaintiff claims that arbitrator Roitman indicated that he had no record of the October 9, 2008 hearing, that there was no court reporter and that he had no recollection of what occurred at the hearing.

Counsel for Plaintiff previously filed a motion to disqualify arbitrator Roitman with AAA which was summarily denied.  Now that the Plaintiff has received the arbitrator's June 30, 2010 order arising from a hearing that occurred eighteen months prior, Plaintiff "has no doubt that he cannot receive a fair and impartial and unbiased arbitration proceeding in front of arbitrator Roitman."  Plaintiff claims that his due process rights are being violated by a biased arbitrator and seeks an order from this court immediately enjoining any further proceedings in Case No. 79 168-00123-07 before the AAA pending the outcome of this case.  Plaintiff asserts that the Federal Arbitration Act ("FAA"), 9 USC § 4 authorizes this court to stay the proceeding before the AAA and cites *International Medical Group, Inc. v. American Arbitration Association, Inc.,* 312 F.3d 833 (7th Cir. 2002), to support his request for this relief.

Defendants oppose the motion asserting Dr. Slaughter has claims demanding a share of the Aurora stock sale transaction proceeds simultaneously in both an AAA arbitration that he began on

September 7, 2007 and in this case. LMC filed an Interpleader Complaint in state court in 2007, and the assigned state court judge entered an order compelling arbitration of his claims. Defendants argue that Plaintiff consented to the arbitration being set on August 26 and 27, 2010, and that his current request to stay the arbitration is "egregious forum shopping". Defendants contend that Plaintiff is not entitled to a stay relieving him of resolution of his own first-filed demand for arbitration, and that Plaintiff has not cited any facts or law to support this extraordinary request for stay relief.

Defendants rely on a line of cases in the Ninth Circuit and in this district, holding that once a court has determined a matter is subject to arbitration, strong federal policy in favor of arbitration requires that the matter be sent to arbitration, and disputes resolved by the arbitrator. Defendants point out that Dr. Slaughter filed a demand for arbitration on September 7, 2007. The demand is attached as Exhibit "2" to his Motion to Stay Arbitration. In August 2007, a state district court judge entered a revised order compelling Defendant LMC and Dr. Slaughter to arbitrate claims and counterclaims related to the parties' amended and restated Stockholder's Agreement. A copy of the revised order is attached as Exhibit "H" to the opposition.

On May 27, 2010, current counsel for the Plaintiff requested that defense counsel continue the arbitration hearing, then scheduled for July 17 or July 18. Counsel for the Plaintiff indicated he was available anytime August 18 through Friday August 20, or anytime August 23 through Friday August 27. He requested that the parties continue the arbitration hearing to a mutually agreeable time for one and one-half or up to two days. A copy of counsel for Plaintiff's May 27, 2010 letter is attached as Exhibit "C" to the opposition.

On August 2, 2010, Dr. Slaughter's counsel filed a Motion for Clarification, Renewed Motion to Stay Arbitration Proceeding Pending Federal Court Case, and Renewed Motion to Disqualify Arbitrator and or Arbitrator Roitman Recuse Himself with the AAA. A copy of that motion is attached as Exhibit "D" to the opposition. Defendants claim that Dr. Slaughter's motion to stay the arbitration, both in this court and in the pending arbitration proceeding, are based on serious misunderstandings of fact "perhaps driven by the confusion caused by Dr. Slaughter's filing of five pleadings against Defendants in three different forms, and through three different law firms." The parties' 2001 Stockholder's Agreement requires arbitration of any disputes arising under it, and as such, this court should honor the

1  state court's order compelling arbitration. Defendants assert that Dr. Slaughter's current motion is
2  "blatant forum shopping" motivated by his dissatisfaction with certain decisions made by the arbitrator.

## DISCUSSION

Plaintiff's Motion to Stay Arbitration was filed three weeks before the scheduled August 26 and 27, 2010 arbitration. It was referred to the undersigned for a decision by the District Judge on Friday, August 13, 2010. Time constraints preclude the undersigned from detailing the lengthy and convoluted procedural history involved in the state court case which resulted in an order compelling arbitration, and subsequent arbitration proceedings. Suffice it to say, a lawsuit was filed in state court to adjudicate the rights and responsibilities of LMC and Dr. Slaughter in connection with the 2001 Stockholder's Agreement. LMC initially filed an interpleader action on February 5, 2007 in Clark County District Court seeking a judicial determination of entitlement to certain funds payable to Dr. Slaughter pursuant to the 2001 Stockholder's Agreement. Dr. Slaughter filed an Answer and Counterclaim against LMC in the interpleader action on March 7, 2007. In August 2007, the assigned state court district judge granted LMC's motion in the interpleader action and compelled arbitration of the parties' claims. On September 7, 2007, Dr. Slaughter filed a demand for arbitration against LMC with the AAA.

The parties have been engaged in arbitration proceedings since 2007. In an order entered June 30, 2010, arbitrator Howard Roitman memorialized a May 24, 2010 telephone conference to discuss Dr. Slaughter's amended claim and filing fees. A copy of his order is attached as Exhibit "B" to Defendants' opposition. The arbitrator inquired into Dr. Slaughter's position with respect to a second amended demand for arbitration served June 17, 2009 against LMC and various individual doctors named. Dr. Slaughter's counsel, Dennis Leavitt, confirmed that the second amended demand had never been filed with the AAA and that he would not seek to proceed upon that pleading. As a result, the arbitrator denied Defendant's Motion to Dismiss the Second Amended Demand as moot because of Dr. Slaughter's acknowledgment that the second amended demand initiated June 17, 2009 was not filed with the AAA, and that Dr. Slaughter would not proceed upon that pleading or claims asserted in it.

On April 21, 2010, arbitrator Roitman set the arbitration hearing for July 17, July 18, and July 23, 2010. *See* letter from the AAA attached as Exhibit "4" to Plaintiff's motion referring to arbitrator Roitman's order dated April 21, 2010. On June 4, 2010, pursuant to counsel for Dr. Slaughter's

request, the arbitrator re-set the arbitration hearing for August 26, 2010 and August 27, 2010.  *See* counsel for Plaintiff's May 27, 2010 letter requesting August arbitration attached as Exhibit "C" to Defendants' opposition, and order dated June 4, 2010 re-setting arbitration attached as Exhibit "E" to Defendants' opposition.  Arbitrator Roitman entered the June 30, 2010 findings of fact, conclusions of law and order, memorializing his findings and decisions at a hearing conducted October 9, 2008.  Plaintiff has concluded, after reviewing the June 30, 2010 order, that his due process rights are being violated by a biased arbitrator, and therefore seeks an order from this court enjoining the scheduled arbitration.

The parties do not dispute that the 2001 Stockholder's Agreement contains an arbitration clause which requires arbitration of any disputes arising under that agreement.  Defendant LMC initially filed an interpleader action in state court in 2007 and the Plaintiff demanded arbitration.  The state court ordered arbitration.  Plaintiff now asserts that the FAA,  9 USC § 4, authorizes this court to stay the proceedings before the AAA.

Congress enacted the FAA, 9 USC §§ 1-16 to overcome judicial resistance to arbitration. *Buckeye Check Cashing, Inc., v. Cardegena*, 526 U.S. 440, 441 (2006).  In general, arbitration provides a forum for resolving disputes more expeditiously and with greater flexibility than litigation.  *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003).  The FAA, which governs agreements to arbitrate in contracts involving commerce, was intended by Congress to "overrule the judiciary's long-standing refusal to enforce agreements to arbitrate . . . and place such agreements on the same footing as other contracts." *Lifescan, Inc. v. Premier Diabetic Servs, Inc.,* 363 F.3d 1010, 1012 (*citing Volt Info. Scis., Inc. v. Bd. Trus. of Leland Stanford Jr. Univ.,* 489 U.S. 468, 474 (1989)) (internal citation and punctuation omitted).  Under the FAA,

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  *Id*. at § 3.  In enacting the section, "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims

which the contracting parties agree to resolve by arbitration." *Southland Corp. v. Keating,* 466 U.S. 1, 10 (1984).

Because the FAA creates a strong presumption in favor of enforcing arbitration agreements, the Supreme Court has stated that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226-27 (1987) (stating that arbitration agreements should be rigorously enforced); *Moses H. Cone Mem'l Hosp.,* 460 U.S. 1, 24-25 (acknowledging that federal policy favors arbitration).

Plaintiff relies on the provisions of 9 U.S.C. § 4 to support his request for a stay of the state court ordered proceedings. However, 9 U.S.C. § 4 provides a remedy for a party aggrieved by a failure, neglect or refusal of another to arbitrate under a written agreement for arbitration. It provides a federal forum to compel arbitration in a case in which courts of the United States have jurisdiction. Plaintiff also relies on the Seventh Circuit's decision in *International Medical Group, Inc. v. American Arbitration Association,* 312 F.3d 833 (7th Cir. 2002) to support his request for a stay of the state court ordered arbitration. In that case, Plaintiff International Medical Group, Inc. ("IMG") and Sirius International Insurance Corp. ("Sirius") were displeased at being drawn into an arbitration proceeding. They sued the claimant who brought them into arbitration, their lawyers, their law firm, the AAA, and certain of its employees. The matter was removed to federal court, and the district court dismissed the complaint for lack of personal jurisdiction over most of the Defendants, on arbitrable immunity grounds, and for failure to state a claim upon which relief could be granted. The district judge also dismissed the complaint because AAA had been improperly joined. IMG and Sirius appealed dismissal and the Seventh Circuit affirmed the district judge. This case provides no support for the proposition that a federal court should stay a state-ordered arbitration.

Nevada has adopted the Uniform Arbitration Act ("UAA"). *See generally* NRS 38.221. The UAA provides that "[o]n motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement; . . . (b) If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds there is no enforceable agreement to arbitrate." NRS 38.221 (1)(b). Nevada law also recognizes that

///

"strong public policy favors arbitration because arbitration generally avoids the higher costs and longer time periods associated with traditional litigation. *D.R. Horton v. Green*, 120 Nev. 549, 553 (2002).

There is no dispute that paragraph 16 of the parties' Stockholder Agreement calls for arbitration of any disputes arising under it. It provides:

> Any dispute arising under this Agreement or concerning its enforcement or interpretation shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association, and the parties hereby waive any right to a judicial determination of such disputes.

It is undisputed that a state court judge ordered the parties to arbitrate their disputes under the Stockholder Agreement after LMC filed its interpleader complaint and that the Plaintiff demanded arbitration in 2007. Nearly three years after that order was entered, Plaintiff now seeks an order of this court interfering with the state court's order. It is well-settled that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus or otherwise. *CEG Worker v. Fidelity Trust Co.,* 263 U.S. 14 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

It appears Plaintiff is dissatisfied with certain rulings of the arbitrator. However, that does not entitle him to an order of this court overruling or countermanding the state court's order compelling arbitration, especially when the Plaintiff himself demanded arbitration, and arbitration proceedings have been ongoing since 2007. Plaintiff's motion to stay, which expresses dissatisfaction with certain rulings of the arbitrator, also does not establish that the arbitrator is biased or that Plaintiff's due process rights are being "trampled."

For all of the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Stay (Dkt. #13) is **DENIED**.

Dated this 19th day of August, 2010.

Peggy A. Leen
United State Magistrate Judge